**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**EDDIE JAMES MOULTRIE,**

> **Plaintiff,**

**v.**                                                 **Case No.  3:25-cv-1349-TKW-ZCB**

**N. PRICE, et al.,**

> **Defendants.**

_____/

## **ORDER**

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 19) and Plaintiff's objections (Doc. 23).  The Court reviewed the issues raised in the objection de novo as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3).

Based on that review, the Court agrees with the magistrate judge's determination that the federal claim[1] in the second amended complaint should be dismissed for failure to state a plausible claim for relief and that the Court should decline to exercise supplemental jurisdiction over the state law claim in that

---

[1] Plaintiff clarified in his objections that he was only asserting a single federal claim—a retaliation claim under the Fourteenth Amendment for calling Defendant Price as a witness at his prison disciplinary hearing.  *See* Doc. 23 at 4.  To the extent that the second amended complaint could be construed (as the magistrate judge did) to include a Fourteenth Amendment due process claim based on the prison disciplinary proceeding itself or the destruction of Plaintiff's property, Plaintiff affirmatively abandoned those claims.  *Id.*

pleading. The Court did not overlook Plaintiff's argument that the Ninth Circuit recognized the viability of a Fourteenth Amendment retaliation claim in *Vance v. Barrett*, 345 F.3d 1083 (9th Cir. 2003), but even if that is correct, this Court is bound by the Eleventh Circuit's decisions that have limited the scope of prisoner retaliation claims to those arising under the First Amendment and that have refused to recognize "a general, free-floating right to be free from retaliation." *Zen Group, Inc. v. Agency for Health Care Admin.*, 80 F.4th 1319, 1329 (11th Cir. 2023).

Accordingly, it is **ORDERED** that:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. The federal claim in the second amended complaint is DISMISSED with prejudice under 28 U.S.C. §§1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief can be granted.

3. The Court declines to exercise jurisdiction over the state law claim in the second amended complaint under 28 U.S.C. §1367(c)(3), and that claim is DISMISSED without prejudice to filing in state court.

4. The Clerk shall enter judgment in accordance with this Order and close the case file.

**DONE AND ORDERED** this 24th day of April, 2026.

**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**